THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v.
RAMÓN VICENTE VÁZQUEZ, Defendant and Appellant.

No. 10229.   Argued January 20, 1944.—Decided May 1, 1944.

*Justo A. Casablanca* for appellant.   *R. A. Gómez, Prosecuting At-
torney (Fiscal), and Luis Negrón Fernández, Assistant Prosecut-
ing Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The appellant was sentenced to six months' imprison-
ment for an offense of petty larceny. There is no direct evi-
dence tending to show that he committed the offense; but
the articles stolen were partly sold by him to another per-
son and the others were found in his possession. The ques-
tion for determination in this appeal is whether the facts of
the case and the explanation offered by the defendant as to
how he acquired possession of said articles justify the rever-
sal of the judgment. *People* v. *Laureano,* 20 P.R.R. 7.

On July 17, 1942, Angel Díaz García was the owner of
an automobile which had four tires and two spare tires, all
new ones. At about nine o'clock in the evening of that day,
he lent the car to José Luis López on condition of having
it returned immediately. At about midnight of that same day
López came to inform him that someone had stolen the car
from a place on the road from Río Piedras to Caguas where
he had parked the car. They took steps to recover it and on
July 26, 1942, found it in a ditch of the road leading from
La Muda de Caguas to Aguas Buenas, at about a kilometer

from the latter town. The automobile suffered no damage, but there were missing, among other things, the two spare tires and two of the others which were being used. As a result of the investigation carried out by the detective, two of the tires were found being used on the automobile of Santiago Díaz. The latter was questioned and he stated that he had bought them from Ramón Vicente Vázquez; that the latter had asked $100 for them but had let him have them for $90. Thereupon Vázquez was questioned, and he admitted that he had sold them to Santiago Díaz, and when he was asked how he had acquired them, he answered that he had bought them, together with two other tires which were found in Vázquez' own automobile.

According to detective Saturnino Romero, Vázquez never said who had sold him the tires, despite the fact that he had insistently asked him. Of said four tires Angel Díaz García identified three as his own.

The defendant called Víctor Vélez Rosado to the witness stand who testified that he knew Ramón Vicente Vázquez for some time; that Vázquez had asked him to let him know of someone who had tires to sell; that at that time William Carrión informed him that he was selling some tires; that he went with William Carrión to Vázquez; that Carrión offered them to Vázquez and the latter bought them for $75; that since that time he has not seen Carrión again and neither does he know his whereabouts.

Fernando Pérez, a friend of Vázquez, testified that he was going out with Vázquez on a certain Sunday and while he was at the latter's home two men arrived and offered Vázquez some tires for sale; that said persons arrived in an automobile which was driven by William Carrión, whom he does not know personally; that the other person who was with Carrión was called Vitín and was in the court during the trial in the lower court; that the tires were bought for $75.

The defendant also testified that he had been working in the Federal Treasury for two years; that his salary was $135 monthly; that he lived with his father, who is a merchant in Río Piedras, and that the house where he lived belonged to his father; that he hardly used any of the $135 which he earned because he lived with his father and did not have to pay any rent; that he is single and has no children; that on Sunday July 19, 1942, he had bought the four tires from Víctor Vélez Rosado and from William Carrión in front of his house (Tr. of Ev., p. 39); that two of the tires were found in his possession and that he had sold the other two tires to Santiago Díaz on July 22, 1942. Later on, upon being examined by the trial judge, he answered that when he was questioned by the detective as to how he had acquired said tires, he had replied that he had bought them from a certain Vitín (Tr. of Ev., p. 42); that he made no mention of Carrión because he had made the deal with Vitín; that Vitín was arrested on the same day he was; that he had tried to get Carrión because it was a delicate matter due to his position, but he had been unable to get him; that afterwards he informed the detective about Carrión.

We are of the opinion that the evidence in this case is not sufficient to support the conviction of the defendant. As in *People* v. *Atilano*, 44 P.R.R. 570, wherein we reversed the judgment of conviction, we may say that "The explanation that he (the defendant) gave could, without doubt, have been more specific, and should have shown at least that he made an effort to find the vendor, *but it is not incredible and could be true.*" (Italics and parenthical matter supplied.) The testimony of the defendant in the case at bar is even stronger than that of defendant in the case of *People* v. *Atilano, supra,* since it tended to show that he tried to get in touch with the person who sold the tires to him, and besides he called two eyewitnesses who testified in connection with the

deal made. None of this evidence was contradicted by The People.

The discrepancies or contradictions appearing in defendant's testimony may be explained by the fact that the case deals with the purchase of tires in what is now known as the "Black Market," a forbidden and punishable act. And even though he was not charged with said offense, since he was a Federal employee he had to realize the consequences that such action might bring upon him. It is not unreasonable to consider that said contradictions are the natural consequences of those circumstances.

We further held in the case of *People* v. *Atilano, supra,* that however strong the suspicion against the accused may be, it is not sufficient for convicting him, and we applied the rule laid down in *People* v. *Domínguez,* 36 P.R.R. 419, to the effect that: "Where in a prosecution for larceny the evidence only shows possession by the defendant of the stolen object, without any other circumstance connecting him with the theft, it is not sufficient."

This rule is applicable to the case at bar and the judgment appealed from should be reversed, acquitting the defendant.

Mr. Justice Snyder, dissenting.

I dissent. I am doubtful if I would have reached the same result as the trial court if I had sat as the trier of the facts. But I did not hear or see the witnesses, and I have no way of knowing from the cold record which witnesses were worthy of belief. Even if we were empowered to do so, I would therefore be reluctant to substitute my judgment on the facts for that of the district court.

We should not in this case re-examine the facts to determine if we could have reached the same result in the first instance. The function of this court, in reviewing facts, is exhausted when there is found to be a rational basis in the

judgment of the lower court. I cannot agree that the judgment of the district court was wholly irrational, and that there was no evidence on which to base the judgment of conviction. That is my sole reason for voting to affirm the judgment of conviction.